Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant, P.A.
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Email: victoria@brieantlaw.com

Attorney for Plaintiff
Law Offices of John W. Carpenter, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Law Offices of John W. Carpenter, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**Tangle Inc.**,<br><br>Defendant. | Civil Case No.: 3:19-cv-7127<br><br>**COMPLAINT FOR BREACH OF WRITTEN CONTRACT; BREACH OF ORAL CONTRACT; AND DEMAND FOR JURY TRIAL** |

**<u>COMPLAINT</u>**

Plaintiff, Law Offices of John W. Carpenter, LLC   (Plaintiff Carpenter LLC), through its

attorney, Victoria E. Brieant of the Law Office of Victoria E. Brieant, P.A.,  brings this Complaint

against defendant Tangle, Inc. (Defendant Tangle) for breach of a written contract and breach of

an oral contract for payment of legal fees incurred in two federal court intellectual property matters and matters before the United States Patent Office.

## I. THE PARTIES

1. Plaintiff Carpenter LLC is a limited liability corporation incorporated under the laws of the State of Louisiana with a principal place of business in Jefferson Parish, Louisiana.

2. Defendant Tangle is a corporation incorporated under the laws of the State of California with its principal place of business at 385 Oyster Point Blvd., Ste B, South San Francisco, CA 94080-1970. Defendant Tangle's agent for receiving service of process is: Mr. Richard Zawitz, Tangle, Inc., 385 Oyster Point Blvd., Ste B, South San Francisco, CA 94080-1970.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). The matter in controversy with respect to Plaintiff Carpenter LLC's claim exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Plaintiff Carpenter LLC is a citizen of the State of Louisiana where it is incorporated. Defendant Tangle is a citizen of the State of California where it is incorporated.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391 because Defendant Tangle resides in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiff Carpenter LLC's claim occurred in this Judicial District.

### III. BACKGROUND AND STATEMENT OF RELEVANT FACTS

5. On April 1, 2015, Tangle, Inc. and its president Mr. Richard Zawitz personally were sued in the U.S. District Court for Arizona for declaratory relief regarding a U.S. patent it considered essential to the continued viability of its business.

6. The caption of the Arizona District Court case was: *Magic Time International Limited et al v. Tangle Incorporated et al*, USDC District of Arizona, No. CV-15-00589-PHX-DJH.

7. The plaintiffs were a Chinese manufacturer, Magic Time International Limited (Magic Time), and its U.S. distributor, Brown Sales & Marketing LLC (Brown). Magic Time and Brown were making and marketing in the U.S. a cheaper knock-off of a lighted football patented by Tangle, Inc. The Magic Time knock-off was manufactured in China and sold in the U.S. in competition with Tangle's patented lighted football.

8. The patented lighted-football product was one of Defendant Tangle's leading products, as well as potentially a stalking horse for Magic Time and Brown to challenge other of Defendant Tangle's protected products in the marketplace.

9. From April through May 2015, Mr. Zawitz' personal counsel of a more than 25-years' relationship, Joseph Ehrlich, was engaged in negotiations of a settlement agreement with counsel in Arizona for Magic Time and Brown.

10. Defendant Tangle's president and owner, Mr. Richard Zawitz, sought attorney John W. Carpenter's counsel because, as he stated to attorney John W. Carpenter at their initial meeting in June 2015, he did not believe that his company would survive with the settlement agreement

that was being offered at the time by Magic Time and Brown to settle the Arizona District Court lawsuit.

11. Defendant Tangle hired Plaintiff Carpenter LLC on June 7, 2015 to provide legal services in legal matters pertaining to the Arizona District Court lawsuit. The Agreement for Legal Services is attached hereto as Exhibit A (hereafter referred to as "Contract (Exhibit A)").

12. Defendant Tangle also retained Plaintiff Carpenter LLC Carpenter to provide patent services before the U.S. Patent Office for products, including its lighted football.

13. Immediately after being hired by Defendant Tangle, Plaintiff Carpenter LLC negotiated with the plaintiffs in the Arizona action ("Magic Time" and "Brown") to amend the complaint in Arizona and then moved to dismiss the amended complaint in the Arizona action or transfer it to the Northern District of California.

14. On June 20, 2019, Plaintiff Carpenter LLC also filed a complaint on behalf of Tangle for patent infringement and inducement of patent infringement against Magic Time International Ltd. and Brown Sales & Marketing LLC in the U.S. District Court for the Northern District of California (the California action), where Defendant Tangle is headquartered.

15. On July 24, 2019, Plaintiff Carpenter LLC filed an amended complaint for patent infringement, inducing patent infringement, trade dress infringement against Magic Time and Brown.

16. As is typical, on September 3, 2015, the Defendants, Magic Time and Brown filed a motion to dismiss the trade dress counts in the amended complaint in the California action. Rather than have Plaintiff Tangle and Defendants incur the legal fees of fighting this motion to

dismiss, the parties stipulated to permit the filing of a second amended complaints. The stipulation saved both sides from further briefing and potential travel to San Francisco for a possible hearing. On October 2, 2015, Plaintiff Carpenter LLC responded by filing a second amended complaint. On October 20, 2015, Defendants moved again to dismiss the trade dress claims. This motion was fully briefed before the parties sought to continue dates to permit further settlement discussions and a mediation. All of this activity took place between June 2015 and the end of November 2015.

17.   Plaintiff Carpenter, LLC sent Tangle monthly invoices for his services, starting July 7, 2015 (one month after he had been retained on June 7, 2015). On July 13, 2015, Plaintiff Carpenter, LLC applied Tangle's $10,000 retainer to the first invoice. Two weeks later, on July 30, 2015, Tangle paid Carpenter, LLC $8,350.40 against these invoices. Despite receiving monthly invoices, Tangle did not make its next payment for almost three months, when on October 26, 2015, Tangle paid Carpenter, LLC an additional $10,000 on account. In November, 2015, Tangle's president Richard Zawitz called Mr. Carpenter and informed him that Defendant Tangle was not in a position to pay on a current basis the amounts owed for his professional services rendered to date and that Tangle could not afford to continue to fund the litigation on a current basis.

18.   Plaintiff Carpenter LLC and Defendant Tangle, through their respective representatives John W. Carpenter and Mr. Richard Zawitz then entered into an oral contract (Oral Contract) which provided that Defendant Tangle would pay the outstanding invoices in installments of $3,000.00 per month until the invoices were fully paid and Carpenter, LLC would

reduce its involvement in the Arizona and California actions, but continue with the U.S. Patent Office matters, while the parties tried to reach a global settlement..

19. Pursuant to the Oral Contract, Defendant Tangle commenced paying $ 3,000.00 per month installments, which were respectively received and deposited by Plaintiff Carpenter LLC on the following dates:  (a) December 4, 2015; (b) January 5, 2016; (c)  March 1, 2016;  (d) April 19, 2016;  (e) May 6, 2016; (f) June 9, 2016; (g) July 5, 2016; and (h)  September 2, 2016.

20. Defendant Tangle made its $3,000 per month payments until September 2, 2016, when it ceased all payments. It was not until Plaintiff Carpenter LLC sought further payments that Defendant Tangle made claims that it would not pay Plaintiff Carpenter LLC any more money.

21. After lengthy efforts to resolve the matter amicably, in July 2018, as required by the Contract (Exhibit A), Carpenter filed a fee arbitration proceeding before the Bar Association for San Francisco.

22. On October 16, 2019, the mandatory arbitration hearing was conducted in San Francisco before a panel of the San Francisco Bar Association. To date, an opinion has not been issued by the panel, although the parties have completed the arbitration.

23. In the course of its engagement by Tangle for the Arizona action, the California action, and the United States Patent Office patent prosecution matters, Carpenter, LLC spent approximately 400 hours (including hours by his colleagues and local counsel in Arizona) and billed approximately $165,000.  Tangle paid Carpenter, LLC $56,243.45, leaving a balance due of approximately $109,000. The fees and disbursements were allocated as follows: (1) Approximately $48,000, consisting of 70-90 total hours, or 30% or the total fees is attributable to

the Arizona action; (2) Approximately $84,000, consisting of approximately 240 total hours, or 50% or the total fees is attributable to the Arizona action; and (1) Approximately $33,000, consisting of approximately 90 hours, or 20% or the total hours is due for the Arizona action.  Of the approximate balance due of $109,000, 30% or approximately $33,000 is due for Carpenter, LLC's services (including local counsel who were paid by Carpenter, LLC) in the Arizona action, 50% or approximately $55,000 is due for Carpenter, LLC's services in the California action, and 20% or approximately $22,000 is due for Carpenter, LLC's services before the U.S. Patent Office.

## IV.  THE CONTRACT

24. Mr. Carpenter met at Tangle's offices in South San Francisco on June 7, 2019, with Tangle's president, Richard Zawitz, and vice president, Geoff McKee, to discuss Mr. Zawitz' and Mr. McKee's concerns with the draft settlement agreement that Tangle's counsel, Joseph Erhlich, was recommending Tangle sign, their long-term concerns regarding competition from Magic Time and Brown, and their concerns over the Arizona litigation pending against Tangle and Mr. Zawitz (sued as an individual).

25. In the course of this meeting, Mr. Carpenter did not make any representations regarding the cost of defending the Arizona action or any other legal services.  Moreover, the Contract (Exhibit A) states in writing that the cost for legal services are difficult to estimate and that any cost estimates provided to Defendant Tangle by Plaintiff Carpenter LLC are only estimates:

> We ask that you keep in mind the difficulty in accurately estimating the costs of legal services due to the many unpredictable and unforeseeable circumstances that impact the time and expenses required. Cost estimates provided to you are only estimates.

26. During the meeting on June 7, 2015, Carpenter made no representations regarding likelihood of success. Moreover, the Contract (Exhibit A) further states in writing that many factors impact legal services, and thus there is no guarantee of success in Plaintiff Carpenter LLC's representation of Defendant Tangle:

> Because of the many factors which impact legal services, we cannot provide a guaranty or representation regarding the outcome or success of our representation of you.

27. The Contract (Exhibit A) has an integration clause, stating:

> This letter replaces any prior understanding or agreement and sets forth our entire understanding regarding our working relationship. This agreement covers all services we perform on your behalf.

28. The Contract (Exhibit A) further states in writing that any oral statements or e-mails are only impressions of the attorney providing them, and are not binding on Plaintiff Carpenter LLC unless confirmed in writing and signed by an attorney with Plaintiff Carpenter LLC:

> Oral statements or e-mails regarding your matters are only the impressions of the attorney providing them and do not bind the attorney or our firm unless confirmed as binding in writing and signed in writing by a member of the firm.

## V.  CAUSES OF ACTION

### COUNT I
### BREACH OF THE WRITTEN CONTRACT

29. Plaintiff Carpenter LLC realleges and incorporates each and every allegation contained in each and every preceding Paragraph as if fully set forth herein, and further alleges:

30. The Contract (Exhibit A) is a valid and enforceable agreement between Plaintiff

Carpenter LLC and Defendant Tangle. The parties, for valuable consideration, entered into the valid and enforceable contract on June 7, 2015, for, *inter alia,* the performance of services by Plaintiff Carpenter LLC in return for money payments by Defendant Tangle.

31. Plaintiff Carpenter LLC performed the services for Defendant Tangle in accordance with the terms of the Contract (Exhibit A).

32. Defendant Tangle breached the Contract (Exhibit A) by refusing to pay Plaintiff Carpenter LLC the money owed for services performed. True and correct copies of Carpenter LLC's invoices for services rendered to Tangle, Inc. are attached hereto as Exhibit B. Plaintiff Carpenter LLC has demanded payment for all of the services rendered to Defendant Tangle, and by the filing of this Complaint hereby demands payments of the unpaid fees. Defendant Tangle has failed and refused, and it continues to fail and to refuse to pay Plaintiff Carpenter LLC for all of those services.

33. Accordingly, as a direct and proximate result of Defendant Tangle's breach of the Contract (Exhibit A), Plaintiff Carpenter LLC has sustained damages in an amount to be proved at trial, but in excess of $75,000.

## COUNT II
## BREACH OF ORAL CONTRACT

34. Plaintiff Carpenter LLC realleges and incorporates each and every allegation contained in each and every preceding Paragraph as if fully set forth herein, and further alleges:

35. In November 2015, Tangle agreed to pay its legal bill in full in exchange for a monthly payment plan of $3,000 and Carpenter, LLC, agreed to limit its services going forward.

36. Carpenter, LLC continued to provide legal services to Tangle, but at a reduced

level of activity while the parties negotiated a global settlement.  Tangle for a period performed its part of the bargain by paying $3,000 monthly.

37.  Carpenter, LLC seeks recovery under the equitable doctrine of part-performance of the contract between Carpenter, LLC and Tangle under which Tangle would pay $3,000 monthly until it had satisfied Carpenter, LLC's outstanding balance for legal services.

38.  Plaintiff Carpenter LLC performed the services for Defendant Tangle in accordance with the terms of this Oral Contract.

39.  Defendant Tangle breached this Oral Contract by refusing to pay Plaintiff Carpenter LLC the $3,000 per month to satisfy in full the amount owed for the legal services performed.

40.  Accordingly, as a direct and proximate result of Defendant Tangle's breach of the Oral Contract, Plaintiff Carpenter LLC has sustained damages in an amount to be proved at trial, but in excess of $75,000 and not less than approximately $109,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carpenter LLC respectfully prays for judgment against Defendant Tangle, as follows:

1. Entry of judgment against Defendant Tangle for breach of its Contract (Exhibit A);

2. Entry of judgment against Defendant Tangle for breach of its Oral Agreement to pay $3,000 monthly until the legal invoices were paid in full;

3.	An award of damages for breach of contract sufficient to restore to Plaintiff Carpenter LLC the bargained-for-benefits of the contract, in an amount to be determined at trial, but in excess of $75,000 and not less than $109,000;

4.	An award of applicable interest (both prejudgment and post judgment);

5.	An award of costs and disbursements; and

6.	An award of such other and further relief which should appear just and equitable to this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff Carpenter LLC demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 29, 2019.                Respectfully submitted,

By: /s/ Victoria E. Brieant
Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Email: victoria@brieantlaw.com

Attorney for Plaintiff
Law Offices of John W. Carpenter, LLC